## LOWELL MANUF'G CO. v. WHITTALL.

### (Circuit Court, D. Massachusetts. December 21, 1895.)

1. **DESIGN PATENTS—INFRINGEMENT—PENALTY.**
   A manufacturer who, after notice sufficient to charge him with knowledge of a patented design, completes the manufacture of one lot of infringing goods, and delivers them to the purchaser, though he promptly gives orders to stop further production, is liable to one penalty of $250, under Act Feb. 4, 1887 (24 Stat. 387).

2. **SAME—ENFORCEMENT OF PENALTY—EQUITY JURISDICTION.**
   Quære: Whether a federal court sitting in equity has constitutional power to enforce this penalty in the absence of a statutory provision for a trial of the issues of fact by a jury, subject to the fundamental rules of the common law. Untermeyer v. Freund, 7 C. C. A. 183, 58 Fed. 205, questioned.

3. **SAME—PROOF OF INFRINGEMENT—COMPARISON BY COURT.**
   The court cannot in this case determine by mere personal inspection and comparison, in the absence of any explanatory proofs, that the paper drawings of an earlier design patent anticipated the design of the patent sued on.

4. **SAME—COSTS.**
   Costs will not be awarded to complainant though he obtain an injunction and a decree for one penalty of $250, where the infringement was not willful and defendant, before the suit was brought, offered to pay that sum and submitted to the patent.

This was a bill in equity by the Lowell Manufacturing Company against Matthew J. Whittall for alleged infringement of a design patent.

Witter & Kenyon, for complainant.
Louis W. Southgate, for defendant.

PUTNAM, Circuit Judge. This is a bill brought by the owner of a patent for a design for carpets, for an injunction, an accounting of profits, and penalties under the act of February 4, 1887, c. 105 (24 Stat. 387). It may well be questioned whether the proofs establish the notice required by sections 4900 and 4933 of the Revised Statutes. Certainly they do not show that complainant's manufactures were marked as required by these sections; and there are no proper allegations in the bill of either such marking or notice. However, the penalty which we think complainant is entitled to recover under the act of 1887 exceeds any possible profits which there is any proof or suggestion can be recovered; so the court would not, in any event, be justified in putting the parties to the expense or delay of proceedings before a master.

According to his own testimony, the respondent received on June 3, 1894, sufficient information to charge him with knowledge of complainant's design under the act of 1887. After that date he made a delivery to one purchaser of a lot of infringing carpet, the manufacture of which was not completed until June 5th, although the respondent promptly gave orders to stop further production. We think he is liable for one penalty for this lot. It is claimed that

he shipped another lot to John V. Farwell & Co.; but the complainant has not referred us to any proofs which enable us to find that this shipment was after June 3d. The evidence of novelty and patentable invention in complainant's design is, of course, prima facie established by the patent. The respondent's acquiescence affords confirmation thereof; and, moreover, it practically admits the alleged infringement.

As soon as the respondent was advised of complainant's patent, he substituted a new pattern in lieu of that which we have found to have been an infringement. The complainant now claims that this new pattern was also an infringement. The proofs, however, were evidently not framed to maintain this proposition. No testimony was taken to support it, and it is now sought to be established by mere personal inspection and comparison by the court. Under the circumstances, we find ourselves unable to determine the question in that way. In like manner, the respondent, without offering any explanatory proofs, has asked us to determine, by like inspection of only the paper drawing forming part of an earlier patent for a design for wall paper, that it anticipates complainant's patent. This also we decline to do, especially in view of the fact that the respondent's conduct, to which we have referred, amounts to an admission of the validity of the patent.

Notwithstanding the conclusions of the court of appeals for the Second circuit in Untermeyer v. Freund, 7 C. C. A. 183, 58 Fed. 205, we must not be understood as committed to the proposition that, in the absence of a provision by statute for a trial of the issues of fact by a jury subject to the fundamental rules of the common law, the penalties given by the act of 1887 can be recovered by a bill in equity. This case has not been presented to us in such manner as requires us to consider that proposition, or enables us to do so properly.

Before this suit was brought, the respondent, who is not shown to have proceeded willfully, and who immediately, on being advised of complainant's patent, submitted to it, as we have already stated, offered to pay complainant one penalty of $250. As we think this is all which can be recovered, and, as the defendant, before suit was brought, made a direct offer to pay that sum and submitted to the patent, the complainant is not equitably entitled to costs. That the respondent had the knowledge required by the act of 1887 cannot be gathered from the bill except inferentially. The bill, however, follows the language of the act, so the question is only one of the better form of pleading, and, therefore, though a claim of a penal nature is made, the bill may be amended in that particular. The complainant may have an injunction, though none seems necessary; but the manufacture or sale of the respondent's design, represented by the exhibit known as "Defendant's Exhibit No. 2, Whittall Redrawn Carpet," will not be regarded as affording ground for an attachment. It is ordered that, upon the bill being amended as required in the opinion filed this day, the complainant may take a decree for an injunction, and for $250, without costs.